**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KAREN C. TEASDALE, et al.,**

**Plaintiffs,**

**v.**

**Case No. 2:07-cv-348**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Terence P. Kemp**

**ROBERT T. HECK, M.D., et al.,**

**Defendants.**

**OPINION AND ORDER**

This action is before the Court for consideration of a motion to dismiss (Doc. # 7) filed by Defendant Upper Arlington Surgery Center, Ltd., a motion to dismiss (Doc. # 13) filed by Defendants Robert T. Heck and Columbus Aesthetic & Plastic Surgery, Inc., and a motion to dismiss (Doc. # 16) filed by Defendants James C. Malone, Jr. and Midwest Physician Anesthesia Services, Inc. Plaintiffs have filed one memorandum in opposition (Doc. # 26) directed to all three motions, and two of the three sets of defendants have filed reply memoranda (Docs. # 19, 20).[1] For the reasons that follow, the Court finds the motions not well taken.

**I. Background**

In November 2005, Plaintiff Karen C. Teasdale, a Texas citizen, underwent breast reduction and liposuction surgery at the Upper Arlington Surgery Center in Columbus, Ohio.

[1] On June 19, 2007, Plaintiffs also filed a document titled "Plaintiffs' Response to Defendants' Reply Briefs." (Doc. # 21.) This filing is not properly before this Court. The Local Civil Rules permit the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. S.D. Ohio Civ. R. 7.2(a)(1), (2). The rule specifically states that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). The Court therefore **STRIKES** the June 19, 2007 sur-reply. (Doc. # 21.)

According to the Complaint, the procedures did not go well, and Teasdale allegedly sustained permanent injuries in addition to having to undergo corrective treatment. Consequently, on April 20, 2007, Teasdale and her husband, Plaintiff Steven Teasdale, filed a two-count complaint. (Doc. # 2.) Count One asserts a claim by Karen for negligence and Count Two asserts a claim by Steven for loss of consortium.

The Complaint names numerous defendants: physician Robert T. Heck and his employer, Columbus Aesthetic & Plastic Surgery, Inc., physician James C. Malone, Jr. and his employer, Midwest Physician Anesthesia Services, Inc., and Upper Arlington Surgery Center, Ltd. The pleading also names five John Doe defendants.

In three separate motions, the identified defendants have all moved to dismiss the Complaint for failure to state a claim upon which this Court can grant relief. Although the non-oral hearing date for two of the three motions is on July 13, 2007, the parties have already completed briefing on all three motions. Accordingly, all three motions to dismiss are ripe for decision at this time, and there is no reason to delay their disposition.

## II. Discussion

### A. Standard Involved

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Dismissal is warranted under that rule " 'only if it is clear that no relief could be

---

[2] The Court recognizes that not all of the motions to dismiss were filed prior to the filing of an answer. Rule 12(b) provides that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted." Thus, pursuant to Fed. R. Civ. P. 12(h), the Court construes the "late" motions (Docs. # 13, 16) as ones for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Garcia v. City of Oakwood*, 99 F.3d 1138, 1996 WL 593602, at *2 (6th Cir. 1996) (unpublished table decision) (stating that Rule 12(h)(2) permits a party to raise the Rule 12(b)(6) defense in a post-answer Rule 12(c) motion);

granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997)). The focus is not on whether Plaintiffs will ultimately prevail, but rather on whether they have offered " 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In making such a determination, the Court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). The Court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. Am. Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003). The Court may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**B. Analysis**

Defendants argue that this Court should dismiss the amended complaint in its entirety because Plaintiffs have failed to comply with Ohio Rule of Civil Procedure 10(D)(2)(a). That rule provides:

---

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (construing post-answer Rule 12(b)(6) motion as Rule 12(c) motion). The nature of the inquiry remains the same, however, as Rule 12(c) simply provides the mechanism through which Defendants can assert their Rule 12(b)(6) defense. *See Satkowiak v. Bay County Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002); *Clark v. West Shore Hosp.*, 16 F. App'x 421, 425 n.3 (6th Cir. 2001).

> [A] complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. The affidavit of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. The affidavit of merit shall include all of the following:
>
> > (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
> >
> > (ii) A statement that the affiant is familiar with the applicable standard of care;
> >
> > (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio R. Civ. P. 10(D)(2)(a). Plaintiffs concede that they have failed to attach an affidavit of merit to their Complaint.

Plaintiffs argue, however, that the state rule is a procedural rule and therefore does not apply to this action pursuant to the doctrine set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). They insist that their pleading is sufficient because it need only satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8 and 10.

Alternatively, Plaintiffs reason by analogy that even if the affidavit requirement applies in this federal forum, state law forecloses the remedy Defendants seek. Ohio law provides that the method to remedy a failure to comply with Ohio Rule of Civil Procedure 10(D)(1), which requires the attachment to a pleading of an account or other written instrument on which a claim or defense is founded, is to file a motion for a more definite statement under Ohio Rule of Civil Procedure 12(E). Thus, Plaintiffs argue, the remedy for the similar affidavit requirement should be not dismissal but a motion for a more definite statement.

It is questionable that the state affidavit of merit requirement applies to complaints filed

in the federal courts. *Cf. Deutsche Bank Nat'l Trust Co. v. Barton*, 1:06-CV-511, 2007 WL 1598067, at *2 (N.D. Ohio May 30, 2007) (applying Fed. R. Civ. P. 10 and not Ohio R. Civ. P. 10(D)(1)). This Court need not and expressly does not resolve whether Ohio Rule of Civil Procedure 10(D)(2) applies in litigation before a federal court sitting in diversity, however, because even assuming arguendo that it does, state law teaches that the remedy for noncompliance is not a dismissal for failure to state a claim upon which a court can grant relief. Defendants' grounds for dismissal are therefore flawed.

The parties correctly agree that Ohio law applies in this diversity case. In looking for that law when the Ohio Supreme Court has not spoken on an issue, a federal court sitting in diversity must turn elsewhere to divine that state's law. The Sixth Circuit has identified the import of intermediate appellate state court decisions under such circumstances:

> In diversity cases, the federal courts must apply state law " 'in accordance with the then controlling decision of the highest state court.' " *United States v. Anderson County, Tennessee,* 761 F.2d 1169, 1173 (6th Cir.1985) (quoting *Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538, 543, 61 S.Ct. 347, 85 L.Ed. 327 (1941)); *see Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the forum state's highest court has not addressed the issue, the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue. *See Bailey v. V & O Press Co.,* 770 F.2d 601, 604 (6th Cir.1985) (citing cases). "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1485 (6th Cir.1989); *accord Northland Ins. Co. v. Guardsman Products, Inc.,* 141 F.3d 612, 617 (6th Cir.1998). This rule applies regardless of whether the appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.,* 223 F.3d 323, 328 (6th Cir.2000); *Puckett,* 889 F.2d at 1485.

*Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). Guided by this directive, the Court necessarily turns to the intermediate appellate courts of Ohio.

Prior to the close of briefing in this case, a court of appeals in Ohio specifically addressed whether a failure to comply with Ohio Rule of Civil Procedure 10(D)(2)(a) presented grounds for dismissal. In *Fletcher v. University Hospitals of Cleveland*, No. 88573, 2007 WL 1633427 (Ohio App. 8th Dist. June 7, 2007), Ohio's Eighth District Court of Appeals addressed a scenario in which a plaintiff had filed a complaint containing a medical claim without filing an affidavit of merit. The defendant moved to dismiss the complaint for failure to state a claim and the trial court dismissed the case with prejudice. *Id.* at *1.

The state court of appeals reversed, stating that although an affidavit of merit is required in such cases, "[i]t does not follow . . . that a complaint which does not contain an affidavit of merit fails to state a claim, and is therefore subject to dismissal." *Id.* at *2. Analogizing like Plaintiffs do in their briefing to Ohio Rule of Civil Procedure 10(D)(1), the court of appeals explained that it "can conceive of no reason why the procedure for challenging a failure to comply with Civ.R. 10(D)(1) should not also apply to Civ.R. 10(D)(2)." *Id.* Thus, the state court concluded:

> [W]e hold that the proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement. If the plaintiff fails to comply with an order to provide a more definite statement, "the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1)."

*Id.* (quoting *Point Rental Co. v. Posani*, 52 Ohio App.2d 183, 186, 368 N.E.2d 1267, 1269 (Ohio App. 10th Dist. 1976)). The parties have ignored *Fletcher*. But *Fletcher*'s holding teaches that the proper remedy here (assuming again that the requirement applies) is not the outright dismissal of the Complaint.

Defendants have not sought a more definite statement under Federal Rule of Civil

Procedure 12(e). Instead, they have moved to dismiss the Complaint for failure to state a claim upon which this Court can grant relief. The majority of defendants have also filed answers. (Docs. # 8, 9, 10.) Under *Fletcher*, these acts would foreclose a subsequent attack on the lack of an affidavit of merit in Ohio courts:

> A defendant who fails to file a motion for a more definite statement before filing his answer has been held to have waived the right to assert the plaintiff's failure to attach a copy of a written instrument as a basis for dismissing the complaint. See *Castle Hill Holdings, LLC v. Al Hut, Inc.*, Cuyahoga App. No. 86442, 2006-Ohio-1353, ¶ 29. Furthermore, Civ.R. 12(G) requires a party to join all available motions, so the filing of a motion to dismiss for failure to state a claim will generally waive the right to assert that a more definite statement is required.

*Id.* at *3 (applying analogous reasoning to affidavit of merit requirement). The Federal Rules of Civil Procedure also follow this approach. Fed. R. Civ. P. 12(e) ("the party may move for a more definite statement before interposing a responsive pleading"); Fed. R. Civ. P. 12(g) ("If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . . .").

Accordingly, even assuming for the sake of argument that Plaintiffs were required to attach an affidavit of merit to their Complaint, Defendants are nevertheless not entitled to the dismissal they seek. Nor can the failure to attach the affidavit provide Defendants with a basis to seek a future dismissal.

## III. Conclusion

For the foregoing reasons, the Court **STRIKES** Plaintiffs' June 19, 2007 sur-reply (Doc. # 21) and **DENIES** Defendants' motions to dismiss (Docs. # 7, 13, 16).

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE